1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORETTA TAYLOR, *et al.*,

                Plaintiffs,

    v.

WASHINGTON STATE DEPARTMENT
OF CORRECTIONS, *et al.*,

                Defendants.

Case No. C23-6186-MLP

ORDER

## I.      INTRODUCTION

This matter is before the Court on Defendants Cheryl Strange, Todd Dowler (together, the "Individual Defendants"), and the Washington State Department of Corrections' ("DOC"; collectively, "Defendants") Motion to Dismiss. (Mot. (dkt. # 29).) Plaintiffs filed an opposition (Resp. (dkt. # 33)), and Defendants filed a reply (Reply (dkt. # 41)). Plaintiffs and Defendants each submitted notices of supplemental authority. (Dkt. ## 43, 45.) The Court heard oral argument on October 9, 2024. (Dkt. # 46.) Having considered the parties' submissions, oral argument, the governing law, and the balance of the record, the Court GRANTS Defendants' Motion (dkt. # 29).

## II.    BACKGROUND

Governor Jay Inslee issued Proclamation 21-14 (as amended, the "Proclamation") on August 9, 2021.[1] (Am. Compl. (dkt. # 28) at ¶ 18.) The Proclamation, which was amended multiple times, required most state employees to become vaccinated against COVID-19 and directed state agencies to provide religious and medical accommodations as required by the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964, the Washington Law Against Discrimination, and "any other applicable law." (*Id.* at ¶ 19.) The Proclamation was rescinded effective October 31, 2022. *See* Proclamation 21-14.6.[2]

Plaintiffs are 49 DOC employees who allege they were "not able" to receive COVID-19 vaccinations for religious or medical reasons and were terminated after their requests for accommodation were denied. (Am. Compl. at ¶¶ 10-11.) Plaintiffs allege the "[I]ndividual Defendants adopted, created, and implemented DOC-wide policies that related to COVID-19 vaccinations in a stated attempt to comply with the Proclamation[.]" (*Id.* at ¶ 22.) Ms. Strange was Secretary of DOC and Mr. Dowler was Director of Human Resources. (*Id.* at ¶¶ 14-15.) Plaintiffs allege that, at the time the DOC-wide policies were implemented, "COVID-19 vaccinations were known to not reduce or prevent COVID-19 spread or transmission" but were instead "medical treatment" that reduced severe illness and death. (Am. Compl. at ¶ 30.)

On December 27, 2023, Plaintiffs filed the instant action, asserting free exercise, due process, equal protection, and takings clause violations under the United States Constitution; federal investigational drug use and unconstitutional conditions doctrine claims; religious

---

[1] *Available at* https://perma.cc/CCJ5-QW36 (last visited Oct. 18, 2024).

[2] *Available at* https://perma.cc/29NC-B7QA (last visited Oct. 18, 2024).

freedom, due process, equal protection, takings, and privacy claims under the Washington

Constitution; and various state law claims. (Dkt. # 1 at ¶¶ 497-708.) In March 2024, Defendants

filed a motion to dismiss, which the Court granted in part in May 2024. (Order (dkt. # 27).) The

Court dismissed with prejudice all claims against DOC and against Individual Defendants in

their official capacities for monetary damages as well as prospective injunctive relief. (*Id.* at 5-

6.) The Court dismissed with prejudice all Washington constitutional claims and declined to

exercise supplemental jurisdiction over state law claims. (*Id.* at 13-14.) Most relevant to the

instant matter, the Court dismissed without prejudice the federal free exercise, due process, and

equal protection claims against the Individual Defendants in their personal capacities. (*Id.* at 7-

11.)

Plaintiffs filed their Amended Complaint on June 18, 2024. (Am. Compl.) The 49

Plaintiffs allege they fall into three "classes": those who received a religious exemption, those

who received a medical exemption, and those who did not receive a religious exemption but

qualified for one. (Am. Compl. at ¶ 12.) Plaintiffs do not identify which group each of them

belongs to. Plaintiffs allege that, on October 1, 2021, Mr. Dowler informed all of the employees

who were granted religious exemptions that they would not receive accommodations. (*Id.* at

¶ 25.) Plaintiffs allege they were terminated "in mass on October 18, 2021." (*Id.* at ¶ 38.)

Pursuant to 42 U.S.C. § 1983, Plaintiffs reassert free exercise, substantive and procedural due

process, and equal protection claims against the Individual Defendants.[3] (*Id.* at ¶¶ 93-130.)

On July 9, 2024, Defendants filed the instant Motion. (Mot.) Defendants contend the

Amended Complaint should be dismissed with prejudice because Plaintiffs continue to fail to

---

[3] Plaintiffs also asserted takings clause claims and claims under 42 U.S.C. § 1981 but have voluntarily
dismissed them. (*See* Am. Compl. at ¶¶ 130-40; dkt. ## 32, 46.)

allege any personal participation by either Individual Defendant and, in any case, both Individual

Defendants are entitled to qualified immunity. (*Id.* at 1.)

### III.    DISCUSSION

#### A.    Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 677-78. "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid

of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) that

he or she suffered a violation of rights protected by the Constitution or created by federal statute,

and (2) that the violation was proximately caused by a person acting under color of state law. *See*

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is

satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in

another's affirmative act, or omitted to perform an act which he or she was legally required to do

that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350,

1355 (9th Cir. 1981).

"The inquiry into causation must be individualized and focus on the duties and

responsibilities of each individual defendant whose acts or omissions are alleged to have caused

a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Vicarious

liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. *Lemire v. California Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). A supervisor may, however, be held liable under § 1983 "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001).

### B.    Plaintiffs' Claims

Throughout the Amended Complaint, Plaintiffs fail to adequately identify how each Individual Defendant personally participated in violating each Plaintiff's rights for each cause of action. In a case alleging the same claim against multiple defendants, the complaint must allege specifically what each defendant did wrong, rather than assert general allegations against defendants as a group. *See Seagraves v. Dep't of Children, Youth and Families*, 2024 WL 4253192, at *3 (W.D. Wash. Sept. 20, 2024); *In re Nexus 6P Prod. Liab. Litig.*, 293 F. Supp. 3d 888, 907 (N.D. Cal. 2018) ("alleging conduct by 'Defendants' without distinguishing what Huawei did from what Google did . . . obfuscates what roles Huawei and Google independently played in the alleged harm and whether either is liable for its own conduct.").

Plaintiffs asserting a free exercise claim must show that the government action in question substantially burdens the practice of their religion. *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). Here, there are no allegations that Ms. Strange or Mr. Dowler personally participated in substantially burdening the practice of any Plaintiff's religion. Plaintiffs' allegations against Ms. Strange are so sparse they are nearly nonexistent. (*See* Am. Compl. at ¶ 14.) Plaintiffs' sole allegation, that Ms. Strange bore "personal animus" toward religious beliefs, is speculative and conclusory. (*Id.*)

1       Plaintiffs barely allege more personal participation by Mr. Dowler. Again, the allegation

2 of "personal animus" is speculative and conclusory. (*See* Am. Compl. at ¶ 15.) The only other

3 relevant allegation is that, on October 1, 2021, Mr. Dowler emailed all DOC employees with

4 religious exemptions that they would not receive accommodations. (*Id.* at ¶ 25.) The email is not

5 provided, and the allegation that no accommodations were given is contradicted by Plaintiffs'

6 allegation that DOC granted 37% of religious accommodation requests. (*Id.* at ¶ 79.)

7       Plaintiffs argue their allegations that "the Individual Defendants were the policy and

8 decision makers" shows that they "participated in the decisions." (Resp. at 6 (citing Am. Compl.

9 at ¶ 3).) These vague allegations are insufficient. Plaintiffs fail to allege any actions or omissions

10 by either Individual Defendant with regard to any specific decision or policy. Supervisors are not

11 vicariously liable under § 1983 for actions taken under their leadership. *Lemire*, 726 F.3d at

12 1074. To state a § 1983 claim for supervisory liability, Plaintiffs must allege that each of the

13 Individual Defendants was personally involved in the constitutional violation or that his or her

14 unlawful conduct caused the constitutional violation. *See Jackson*, 268 F.3d at 653. "Vague and

15 conclusory allegations of official participation in civil rights violations are not sufficient to

16 withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th

17 Cir. 1982). Accordingly, Plaintiffs fail to state a claim for free exercise violations.

18       Plaintiffs' due process claims fare no better. Plaintiffs do not allege that the Proclamation

19 itself does not meet procedural due process standards for employees claiming religious or

20 medical exemptions. (*See generally* Am. Compl.; *see also Pilz v. Inslee*, 2022 WL 1719172, at

21 *7 (W.D. Wash. May 27, 2022), *aff'd*, 2023 WL 8866565 (9th Cir. Dec. 22, 2023) ("the question

22 before the Court is whether the Proclamation provides that required process, and the Court has

23 found that it does.").) Plaintiffs fail to identify any personal participation by either of the

Individual Defendants in depriving them of due process. Aside from the allegations discussed above, the sole allegation as to either Individual Defendant is a reference to "a sham meeting with Defendant Dowler" that some Plaintiffs may have had. (Am. Compl. at ¶ 44.) Plaintiffs thus fail to state a claim for due process violations.

Finally, Plaintiffs fail to state a claim for equal protection violations. "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quoting *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)). Plaintiffs fail to identify any culpable actions or omissions by either Individual Defendant.

### C.   Leave to Amend is Denied

The Court previously dismissed Plaintiffs' claims because they failed to allege personal participation by either Individual Defendant in the constitutional violations alleged. (Order at 8-10.) Plaintiffs have had ample opportunity to remedy this key deficiency in their pleadings but have not done so, nor have they raised any possibility that they might be able to. Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A court should grant leave to amend "unless it determines that the pleading could not be cured by the allegation of other facts." *Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)). Because there is no indication that the deficiencies in the Amended Complaint could be cured by the allegation of other facts, the Court concludes that leave to amend should not be granted.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion (dkt. # 29). Plaintiffs' Amended Complaint (dkt. # 28) and this action are hereby DISMISSED with prejudice.

Dated this 18th day of October, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge